Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| FABIANA GUIMARAES ESPINDOLA Y OTROS<br><br>Peticionaria<br><br>v.<br><br>AZURE DEVELOPMENT, INC., ING. ENRIQUE BLANES PALMER, PE, OFICINA DE GERENCIA DE PERMISOS, JUNTA DE PLANIFICACIÓN Y MUNICIPIO DE LUQUILLO, PUERTO RICO<br><br>Peticionadas | KLCE202500473 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. FA2025CV00220<br><br>Sobre: INJUCTION (ENTREDICHO PROVISIONAL), INJUNCTION PRELIMINAR Y PERMANENTE. LEY DE PERMISOS PARA LA REFORMA DEL PROCESO DE PERMISOS (LEY NÚM. 161-2009) |

Panel integrado por su presidenta, la Jueza Martínez Cordero, el Juez Cruz Hiraldo y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de mayo de 2025.

I.

El 7 de marzo de 2025 la Sra. Fabiana Guimaraes Espindola instó una Demanda sobre Injuction y la Ley de Permisos para la Reforma del Proceso de Permisos, Ley Núm. 161-2009 contra Azure Development, Inc. (Azure Development), el Ing. Enrique Blanes Palmer, Oficina de Gerencia de Permisos (OGP), Junta de Planificación y el Municipio de Luquillo (Municipio). Entre otras cosas, la señora Guimaraes Espindola solicitó al Tribunal de Primera Instancia que revocara el permiso 2016-119818-PCOC-311456 otorgado a favor de Azure Development, debido a que esta

---

[1] Conforme la OATA2025-069, se asignó a la Hon. Glorianne Lotti Rodríguez en sustitución del Hon. Abelardo Bermúdez Torres.

es colindante al predio y su interés propietario se ve adversamente afectado.

Adujo que el permiso de construcción fue otorgado en base de información falsa. Asimismo, señaló que los documentos presentados por el Ing. Blanes Palmer y Azure Development, revelan información incorrecta y engañosa respecto al endoso del Municipio. De esta forma, solicitó al Foro primario que ordene la paralización inmediata de cualquier obra. A su vez, que ordene el cese y desista de toda actividad de construcción y cualquier proceso administrativo relacionado.

El 24 de marzo de 2025 el Ing. Blanes Palmer presentó Moción en Solicitud de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil. Adujo que no existe acción viable contra este, debido a que el permiso impugnado no está cubierto por la Ley 135-1967, y por tanto no activa la disposición del Art. 14.1 de la Ley 161-2009 que exige su comparecencia como parte. Añadió que el Recurso debe ser desestimado por no establecer una reclamación que justifique la concesión de un remedio conforme a la Regla 10.2 de Procedimiento Civil. En el mismo día, Azure Development presentó Moción en Solicitud de Desestimación por Falta de Legitimación. Sostuvo que la señora Gumaraes Espindola no cumple con los requisitos mínimos de legitimación activa. Alegó que la controversia se trata de cosa juzgada.

También, el 24 de marzo de 2025, la Junta de Planificación de Puerto Rico presentó Moción en Cumplimiento de Orden y Solicitud de Desestimación. Alegó que ante la ausencia de alegación alguna en su contra que amerite la concesión de un remedio, procede la desestimación del pleito. El 26 de marzo de 2025 se celebró la Vista Evidenciaria. En el mismo día, el Municipio presentó su Contestación a la Demanda.

El 25 de abril de 2025, el Tribunal de Primera Instancia emitió tres (3) Resoluciones denegando las solicitudes de desestimación presentadas por las partes demandadas.

Luego de varios incidentes procesales innecesarios pormenorizar, el 28 de marzo de 2025, la señora Guimaraes Espindola presentó Moción para que se Ordene a la Parte Peticionada Notificación de Prueba. Solicitó al Foro primario que ordenara a las partes a que, dentro de un término de cinco (5) días, le notifiquen toda la prueba documental, testifical y pericial que pretenden presentar en su turno de prueba. De igual forma, referente a los testigos que interesen presentar, solicitó que dentro del mismo término se incluya un breve resumen del contenido de los testimonios. Por otra parte, en cuanto a la prueba pericial, solicitó que le acompañen el *curriculum vitae* del perito, junto con cualquier opinión o informe pericial emitido. El 30 de marzo de 2025 Azure Development presentó oportunamente su Moción en Oposición. Dispuso que el Art. 14.1 de la Ley para la Reforma del Proceso de Permisos (Ley 161-2009), establece expresamente que no se contempla la utilización del Descubrimiento de Prueba por la naturaleza extraordinaria del Recurso.

El 31 de marzo de 2025, notificada el mismo día, el Tribunal de Primera Instancia, declaró Ha Lugar la Moción para que se Ordene a la Parte Peticionada Notificación de Prueba, según solicitado. De igual forma, el 31 de marzo de 2025, notificada el 1 de abril de 2025, el Tribunal de Primera Instancia declaró No Ha Lugar la Moción en Oposición. Sostuvo su determinación de la Orden emitida.

Inconforme aún, Azure Development acude ante nos mediante Petición de Certiorari. Plantea:

**ERROR**: Erró el TPI al resolver que el Injction a amparo del Art. 14.1 de la Ley 161-2009 el intercambio

y entrega de prueba entre las partes antes de la celebración de la vista en su fondo.

En el ejercicio de la facultad discrecional que nos concede la Regla 7(B)(5) de nuestro Reglamento, disponemos del presente recurso prescindiendo de todo trámite ulterior.[2]

II.

Se sabe que, la Regla 52.1 de Procedimiento Civil,[3] establece nuestro marco de autoridad y prohíbe intervenir en las determinaciones interlocutorias dictadas por el Tribunal de Primera Instancia salvo limitadas excepciones.[4] Dispone que, el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunction) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo; y, (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Como regla general, todo dictamen emitido por el Tribunal de Primera Instancia en el curso del proceso judicial es revisable, bien sea por apelación o por *certiorari*. La apelación, la revisión y el derecho a acudir a un foro más alto son parte fundamental de nuestro sistema de enjuiciamiento desde sus comienzos. El auto de

---

[2] La Regla 7(B)(5) dispone:
  El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B.
[3] 32 LPRA Ap. V, R. 52.1.
[4] *Scotiabank de Puerto Rico* v. *Zaf Corporation*, 202 DPR 478, 487 (2019).

*certiorari* es un remedio procesal utilizado para que un tribunal de mayor jerarquía pueda corregir un error cometido por un tribunal inferior. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional. Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera.[5] No significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción.[6]

Con el fin de que podamos ejercer de una manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento de este Tribunal nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Dispone:

> **Regla 40. Criterios para expedición del auto de *certiorari***
>
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[5] *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001).

[6] *Pueblo* v. *Rivera Montalvo*, supra; *Medina Nazario* v. *McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *Pueblo* v. *Custodio Colón*, 192 DPR 567, 588 (2015).

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[7]

El *certiorari,* como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso.[8] La denegatoria de expedir un auto de *certiorari,* no constituye una adjudicación en los méritos, es el ejercicio de nuestra facultad discrecional para no intervenir a destiempo con el trámite pautado por el foro de instancia.[9]

Además, como se sabe, el tribunal de instancia goza de amplia discreción para pautar el manejo de los casos ante su consideración, a fin de lograr la búsqueda de la verdad y que sean adjudicados de manera rápida y correctamente. Como foro intermedio apelativo, no vamos a intervenir con el ejercicio de tal autoridad, excepto se demuestre que medió craso abuso de discreción, que hubo una interpretación o aplicación errónea de una norma procesal o sustantiva de derecho y que la intervención revisora evitará perjuicio sustancial a la parte alegadamente afectada.[10]

### III.

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la Orden objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco, que la determinación sea manifiestamente errónea. Es por lo anterior, que no procede nuestra intervención en esta etapa de los procedimientos. Por tanto, en virtud de lo dispuesto

---

[7] 4 LPRA Ap. XXII-B, R. 40.
[8] *Pérez* v. *Tribunal de Distrito,* 69 DPR 4, 7 (1948).
[9] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.40; *Filiberty* v. *Soc. de Gananciales,* 147 DPR 834, 838 (1999).
[10] *García* v. *Asociación,* 165 DPR 311, 322 (2005); *Meléndez* v. *Caribbean Int'l News,* supra, págs. 664-665.

en la Regla 40 del Reglamento de este Tribunal, hemos acordado denegar la expedición del auto de Certiorari.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *Certiorari* y se devuelve el caso al foro primario para la continuación de los procedimientos.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones